**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:03 PM May 21, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JOHN EDWARD TONEY AND | ) | CASE NO. 09-61830 |
| IDA BROWN TONEY | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

Now before the court is Attorney Gerald Golub's amended motion to withdraw as attorney ("motion"), filed on April 12, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Attorney Golub moves the court to allow him to withdraw as attorney of record for Debtors on the basis that a conflict of interest exists between himself and Debtors. On April 27, 2012, Debtors filed a response to the motion requesting that the court allow Attorney Golub to continue to represent them and questioning why their bankruptcy case has continued for nine years.

On May 9, 2012, the court held a hearing on this matter at which both Attorney Golub and Debtor, John Toney, were present. Attorney Golub represented to the court that a conflict of interest arises because Debtors filed a grievance against him to the Disciplinary Counsel for the Supreme Court of Ohio. Attorney Golub argued that if a client files a grievance against his attorney, it creates a per se conflict of interest. Mr. Toney stated that his wife, Ida Toney, filed the grievance, but that Debtors wish for Attorney Golub to remain their attorney. Further, Debtors question why they have been in bankruptcy for nine years. At the hearing, the court requested that Attorney Golub file additional information regarding the grievance and took the matter under advisement. On May 16, 2012, Attorney Golub filed the supplement to his motion.

## LAW AND ARGUMENT

Pursuant to Rule 1.7 of the Ohio Rules of Professional Conduct, "a lawyer's acceptance or continuance of representation of a client creates a conflict of interest if … there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited … by the lawyer's own personal interests." There is a question of whether a client filing a grievance against his attorney creates animosity between the client and attorney, such that the representation is materially limited by the attorney's personal interests.

The filing of a grievance by a client against his attorney does not create a per se conflict of interest between the attorney and client. Dzambasow v. Abakumov, 2005 WL 3475792, at 8 (Ohio Ct. App. Dec. 20, 2005); *accord* Or. Bd. of Governors, Formal Op. 2009-182 (2009). "Whether the filing of a bar grievance necessarily terminates the relationship is an issue of fact." Dzambasow, 2005 WL 3475792, at 8. While it is recognized that the filing of a grievance may trigger an irreparable breakdown in the attorney-client relationship, the court must look at the facts of the case, including the nature of the grievance, to determine what effect, if any, the grievance may have on the attorney-client relationship. *See* Ill. State Bar Assoc. Advisory Op. on Prof. Conduct, Op. 89-11 (1989). For example, a client, who is untrained in the law, may not intend to jeopardize the attorney-client relationship by filing a grievance and may not hold any animosity toward the attorney. *See* Dzambasow, 2005 WL 3475792, at 8.

In the instant matter, neither party disclosed the nature of the grievance filed by Debtors. Without such information, the court cannot determine whether the attorney-client relationship was irreparably harmed by Debtors' grievance. The only information available to the court is that Debtors wish to continue the relationship at this point. This indicates to the court that the relationship has not been harmed in such a way as to render further representation of Debtors by Attorney Golub impossible. Further, Attorney Golub has represented Debtors for nine years and, while Debtors are free to seek new counsel if they desire, it is reasonable for Attorney Golub to continue the representation, rather than for Debtors to find new counsel and pay for the new counsel to get up to speed on the matter.

Debtors, in their response and at the hearing, question why their bankruptcy case has been pending for nine years. The pending bankruptcy case is the second bankruptcy case filed by Debtors. Debtors also filed for relief under chapter 13 on March 19, 2003, case no. 03-61216. That bankruptcy case was dismissed on January 9, 2009 due to Debtors' failure to pay off the

bankruptcy plan by November 21, 2008 as required by an Agreed Order between Debtors and the chapter 13 trustee filed on October 28, 2008. That was not the first time that Debtors failed to make their plan payment in that case. There was at least one other instance that Debtors were delinquent in their plan payments.

After the 2003 bankruptcy case was dismissed, Debtors filed the instant case on May 9, 2009. In the instant case, Debtors have continued to miss plan payments. The chapter 13 trustee issued a notice of delinquency on March 12, 2012 indicating that Debtors were behind by $4,420.00. Currently, the chapter 13 trustee has another notice of delinquency pending, which was filed on May 4, 2012, which states that Debtors are delinquent by $2,420.00 as of April 30, 2012. Based on this information, it appears to the court that the reason that Debtors have had bankruptcy cases pending since 2003 is due to their failure to keep current with their plan payments and not due to any apparent fault of Attorney Golub.

Accordingly, for all of the above reasons, the court will deny the motion to withdraw.

# # #

**Service List:**

Gerald B Golub
1340 Market Ave North
Suite 1
Canton, OH 44714

John Edward Toney
Ida Brown Toney
3033 Willowrow NE
Canton, OH 44705

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702